| UNITED STATES DISTRICT COURT | | C/M |
| EASTERN DISTRICT OF NEW YORK | | |

---------------------------------------------------------- X
SEKOU BEY, :
 :
      Plaintiff, : **MEMORANDUM DECISION AND**
 : **ORDER**
  - against - :
 : 18-cv-4564 (BMC)
FIRSTSOURCE ADVANTAGE, LLC, :
 :
      Defendant. :
---------------------------------------------------------- X

**COGAN**, District Judge.

  Plaintiff *pro se* alleges that defendant FirstSource Advantage, LLC, violated the Fair Credit Reporting Act, 15 U.S.C. § 1681-1681x, by accessing his credit report on a single occasion without his permission or a permissible purpose. The Court dismissed plaintiff's original complaint for lack of standing because plaintiff had not alleged an injury in fact. See Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). However, in light of plaintiff's *pro se* status, the Court granted him leave to file an amended complaint; plaintiff filed one.

  After reviewing plaintiff's amended complaint, the Court concludes that it will defer deciding whether plaintiff has sufficiently alleged standing and sufficiently pleaded actual damages until after it hears from defendant. But plaintiff's amended complaint does not state a claim for a willful violation and because there is nothing in the complaint to suggest that plaintiff could plead a willful violation here, that claim is dismissed without prejudice to renewal.

## BACKGROUND

  In his amended complaint, plaintiff alleges that defendant obtained his consumer credit report from credit-reporting agency Transunion on October 13, 2017 "without permissible purpose." He asserts that defendant's action was both a willful (Count I) and negligent (Count

II) violation of the FCRA. He seeks $1,000 in "actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. § 1681n" for the willful violation and $1,000 in "actual damages, and attorney's fees and costs, pursuant to 15 U.S.C. § 1681o" for the negligent violation.

Regarding injury-in-fact, plaintiff asserts that the "impermissible credit pull is a nuisance" to him and an "invasion of [p]rivacy" that the FCRA "aims to prevent." He alleges that "unwanted" credit "inquiry" is a "concrete" injury because the "FCRA implicates interests similar to those associated with invasion of privacy[,] intrusion upon seclusion[,] and nuisance causes of action," and that the injury is "particularized" because he suffered an injury to his "person and as a result of credit inquiry" placed in his "credit report . . . [and] credit file."

## DISCUSSION

According to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When assessing a complaint's sufficiency, the Court assumes that all of the factual allegations in it are true, but the Court disregards legal conclusions couched as factual allegations. Id. The Court of course bears in mind that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v.

2

Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted); see McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam).

I. **Standing**

The Court dismissed plaintiff's original complaint for failure to show an injury in fact. To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Spokeo, Inc. v. Robins, 136 S. Ct. at 1548 (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)). An injury is concrete when it "actually exist[s]," id., but it need not be tangible. An intangible harm, particularly one that has a "close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts," can still qualify as an injury in fact. Id. at 1549.

After further review of the case law, the Court concludes that the arguments that plaintiff lacks standing are not so strong as to warrant dismissal on review under 28 U.S.C. § 1915. The Court therefore does not decide whether plaintiff could survive a motion to dismiss on standing grounds, but defers ruling on the issue until it hears from defendant.

II. **Negligent Violation**

As to plaintiff's claim for a negligent violation under 15 U.S.C. § 1681n, his allegation that defendant "had pulled [p]laintiff's Trans Union consumer credit report on October 13, 2017," that plaintiff did not consent to defendant pulling his credit report, and "there was obviously no permissible purpose for the credit pull," in conjunction with his citation to § 1681b, is enough to allege that defendant was negligent. See Braun, 14 F. Supp. 3d at 400 (S.D.N.Y. 2014); see also Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 69 (2007) (describing the

3

"negligence/recklessness line" in the FCRA as drawn between behavior that is "merely careless" and behavior that is "substantially greater" than careless).

As to actual damages, plaintiff's allegation – that he was actually injured in the amount of $1,000 because of the invasion of his privacy – may state a claim for actual damages. On the actual damages issue as with the standing issue, the Court declines to decide whether plaintiff has stated a claim on *sua sponte* review under § 1915 and will wait to hear from defendant.

### III. Willful Violation

As to the claim for a willful violation under § 1681n(a), plaintiff's allegation that "there was obviously no permissible purpose for the credit pull," does not show willfulness. If defendant unintentionally violated the FCRA by accessing plaintiff's credit report, the violation would be, by definition, not willful and defendant could not be liable under § 1681n. "Willfully" requires assertions about a state of mind – specifically, that defendant knowingly or recklessly accessed plaintiff's credit report without a permissible purpose. See, e.g., Safeco, 551 U.S. at 56-60. Plaintiff does not provide any facts to allow this Court to draw the reasonable inference that the alleged violation was willful, rather than unintentional or negligent. See, e.g., Perl v. Am. Express, No. 11 Civ. 6899, 2012 WL 178333, at *2 (S.D.N.Y. Jan. 19, 2012) (*sua sponte* dismissing complaints under the FCRA where the allegations demonstrated a pattern of conduct, but failed to provide enough factual content to allow the court to draw the reasonable inference that the alleged violation was willful). Therefore, plaintiff's claim for the willful violation of the Act is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

There is no indication in plaintiff's amended complaint (just as there was none in his original complaint) that plaintiff could plead facts to state a willful violation here. But the dismissal of plaintiff's willful violation claim is without prejudice; if plaintiff uncovers facts

during discovery that would support a claim for a willful violation, plaintiff will be able to amend his complaint to add that claim.

## CONCLUSION

Plaintiff's claim for a willful violation under 15 U.S.C. § 1681n(a) is dismissed. Plaintiff's amended complaint may proceed as to the negligent violation claim. The Clerk of the Court is directed to issue a summons against defendant; the United States Marshals Service shall serve the complaint and this order on these defendants without prepayment of fees. The case is referred to the Honorable Peggy Kuo, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       September 20, 2018